## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| v. | ) **2:21-cr-00015-JDL-1** |
| | ) **2:21-cr-00015-JDL-2** |
| | ) **2:21-cr-00015-JDL-4** |
| **JASON CANDELARIO, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER ON DEFENDANTS DAPRATO, CANDELARIO, AND CARPIO'S MOTION TO DISMISS COUNT THREE OR FOUR OF THE INDICTMENT

The indictment in this case (ECF No. 115) charges Defendants Jason Candelario, Luis Carpio, and Derek Daprato (the "Moving Defendants") with, among other crimes, discharging a firearm during a crime of violence (Count Three), *see* 18 U.S.C.A. § 924(c)(1)(A)(iii) (West 2022), and, separately, brandishing a second firearm during a crime of violence (Count Four), *see id.* § 924(c)(1)(A)(ii).[1] Daprato moves (ECF No. 223) for the immediate dismissal of either count, arguing that the Government should be forced to elect between the counts now because they are multiplicitous in violation of the Double Jeopardy Clause of the Fifth Amendment. *See United States v. Gordon*, 875 F.3d 26, 32 (1st Cir. 2017) ("As relevant here, 'multiplicity' means that a single crime (or 'unit of prosecution') has been charged as

---

[1] Count One charges the Moving Defendants (and a fourth codefendant who is not a party to the instant motion) with conspiring to commit Hobbs Act robbery. *See* 18 U.S.C.A. § 1951(a) (West 2022). Count Two charges the Moving Defendants with interfering with commerce by violence and aiding and abetting the same. *See id.* Count Three charges the Moving Defendants with discharging a firearm during a crime of violence and aiding and abetting the same. *See id.* § 924(c)(1)(A)(iii). Count Four charges the Moving Defendants with brandishing a firearm during a crime of violence and aiding and abetting the same. *See id.* § 924(c)(1)(A)(ii). Count Five charges Candelario with being a felon in possession of firearms and ammunition. *See id.* § 922(g)(1) (West 2022). Count Six charges Carpio with being a felon in possession of firearms and ammunition. *See id.*

multiple crimes . . . .").  I granted (ECF Nos. 255, 261) motions by Candelario and Carpio (ECF Nos. 252, 260) to join Daprato's motion to dismiss.

At the hearing on May 23, 2022, the Government conceded that a double jeopardy violation would occur if any of the Moving Defendants were sentenced on both the discharging and the brandishing counts because the two counts arise out of the same alleged predicate crime of violence.  *See United States v. King*, 554 F.3d 177, 179 n.1 (1st Cir. 2009) (observing that the First Circuit has "ruled that two section 924(c) gun charges based on the same predicate offense constituted one unit of prosecution" (citing *United States v. Peña-Lora*, 225 F.3d 17, 32 (1st Cir. 2000))). However, the Government contends that immediate election between the two counts is unnecessary because the jury might not convict any of the Moving Defendants on both counts and, even if this does occur, the Court can vacate the brandishing conviction, which carries the lesser sentence.  *See* 18 U.S.C.A. § 924(c)(1)(A)(ii)-(iii). The Government also suggests that the jury could be instructed to skip the brandishing count for any of the Moving Defendants who are convicted on the discharging count.  Finally, the Government indicates that if a defendant were convicted on both counts, it could dismiss one of the counts after trial and before sentencing.

The Moving Defendants concede that the Court has discretion as to whether to require the Government to elect between the counts prior to trial.  Nonetheless, the Moving Defendants advocate for pretrial dismissal of either count because submitting both to the jury may give a false and prejudicial impression of how much criminal activity may have occurred.  They also argue that the risk of a compromise verdict is

2

exacerbated here because the jury will need to evaluate a combination of principal and vicarious theories of liability for six counts and three defendants.

"There is no inflexible rule that the exclusive remedy for multiplicitous counts is election between them." *United States v. Pires*, 642 F.3d 1, 16 (1st Cir. 2011). "[T]he Double Jeopardy Clause does not protect against simultaneous prosecutions for the same offense, so long as no more than one punishment is eventually imposed." *Id.* (quoting *United States v. Josephberg*, 459 F.3d 350, 355 (2d Cir. 2006) (per curiam)). As such, double jeopardy concerns "evaporate[]" if a jury convicts on only one of the multiplicitous counts. *Id.* And, if a jury does convict on multiplicitous counts, the court may "simply vacate both the conviction and the sentence as to all but one count, essentially merging the offending counts." *Id.*; *accord United States v. Widi*, 697 F. Supp. 2d 140, 145 (D. Me. 2010) ("[T]he Court has discretion to either require the Government to elect on which count it will proceed or to allow both counts to proceed to trial and dismiss one prior to sentencing.").

Additionally, while forcing the Government to elect among multiplicitous counts before trial may sometimes be the better option, the First Circuit concluded, under similar circumstances to those that exist here, that "the government was entitled to present both gun scenarios to the jury." *King*, 554 F.3d at 180. In *King*, the defendant bringing the multiplicity challenge had been charged with six counts, including one count of brandishing his own gun during a crime of violence and, under a theory of vicarious liability, one count for his coconspirator's possession of a different gun during the same crime of violence. *Id.* at 179; *see* 18 U.S.C.A. § 924(c)(1)(A)(i)-(ii).

In keeping with *King*, I reject the Moving Defendants' request that I require the Government to elect now between the discharging and brandishing counts. The Government should be allowed to present both of its scenarios at trial because, for each of the Moving Defendants, the jury may accept one theory of liability but not the other. *See United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997) (concluding that a district court had not abused its discretion when it denied a pretrial motion to dismiss a multiplicitous count because "the possibility (albeit slim) existed that [the defendant] could be convicted on one count and acquitted on the other"). I also conclude that the risk of prejudice to the Moving Defendants from submitting both counts to the jury is low. This is not a case in which a great number of alleged violations constituting only one crime have been charged separately; here, the current six-count indictment alleges only marginally more criminal activity than if one of the counts were dismissed.[2] And the jury's task—evaluating six counts across three defendants—will be neither inherently confusing nor overly complex. Finally, submitting both counts to the jury, as opposed to only one, will allow the jury to render a verdict on both § 924(c)(1)(A) theories, thus providing a clear trial record for purposes of appellate review and promoting judicial economy.

Accordingly, the Moving Defendants' Motion to Dismiss Count Three or Four of the Indictment (ECF No. 223) is **DENIED**. The Court will resolve the multiplicity

---

[2] With respect to Candelario and Carpio, forcing the Government to elect between the discharging and brandishing counts would result in four counts being submitted to the jury instead of five. For Daprato, dismissing a count now would lead to three counts being submitted to the jury instead of four.

issue either through jury instructions or, if any of the Moving Defendants are convicted on both counts, by vacating those defendants' brandishing convictions.

**SO ORDERED.**

Dated:  June 29, 2022

_____ /s/ JON D. LEVY _____
**CHIEF U.S. DISTRICT JUDGE**